ACCEPTED
04-15-00394-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/28/2015 11:34:55 PM
KEITH HOTTLE
CLERK

## NO. 04-15-00394-CR

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
10/28/15 11:34:55 PM
KEITH E. HOTTLE
Clerk

# IN THE FOURTH COURT OF APPEALS
# SAN ANTONIO, TEXAS

## STATE OF TEXAS,
Appellant,
V.

## JAMES RAY JUNEK,
Appellee.

## BRIEF OF APPELLEE

Appeal from the County Court at Law
Kerr County, Texas
Trial Court No. CR14-0145
The Honorable Susan Harris

DARREN LEE UMPHREY
Texas Bar No. 00792885
Attorney for Appellee James Ray Junek
246 W. San Antonio, Suite 201
New Braunfels, Texas 78130
(830) 627-3123- Phone
(830) 627-3122 – Fax

*NO ORAL ARGUMENT REQUESTED*

# IDENTITY OF PARTIES AND COUNSEL

**Appellant:**                    The State of Texas

                                            Ms. Heather Stebbins
**Elected Kerr County Attorney**
700 Main Street, Ste. BA-103
Kerrville, Texas 78028

Mr. Joseph A. Soane, III
**Assistant Prosecuting Kerr County Attorney**
700 Main Street, Ste. BA-103
Kerrville, Texas 78028

**Appellee / Defendant:**        James Ray Junek

Mr. Darren Lee Umphrey
246 W. San Antonio Street, Suite 201
New Braunfels, Texas 78130

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES AND COUNSEL ..................................................i

TABLE OF CONTENTS.......................................................................ii

INDEX OF AUTHORITIES....................................................................iii

STATEMENT OF THE CASE...................................................................iv

STATEMENT REGARDING ORAL ARGUMENT...................................................v

CROSS-POINT NO.1:   Assistant County Attorney's attempt to perfect the States appeal by the filing of a Notice of Appeal and Certification signed by the Assistant County Attorney on May 14, 2015 was ineffective under Tex. Code Crim. Proc. 44.01(i).  This Court lacks jurisdiction to consider this appeal .........................vi

STATEMENT OF FACTS FOR CROSS-POINT NO. 1..............................1

SUMMARY OF THE ARGUMENT FOR CROSS-POINT NO. 1...................2

ARGUMENT FOR CROSS-POINT NO. 1 ..............................................3

PRAYER ........................................................................................4

CERTIFICATE OF SERVICE...............................................................5

# **INDEX OF AUTHORITIES**

## CASES

*State v. Muller* 829 S.W.2d 805,809 (Tex. Crim. App. 1992) …………………..…3,4


## STATUTES

Article 44.01, Texas Rules of Criminal Procedure………………………………….3,4

## STATEMENT OF THE CASE

This is a driving while intoxicated prosecution. Appellee was charged by Information with the offense of driving while intoxicated. Appellee filed his Motiont to Suppress on December 11, 2014, which the trial court granted May 6, 2015 following a hearing. On May 14, 2015, Appellant filed a document entitled Notice of Appeal. On May 14, 2015, Appellant also filed a document entitled Affidvit certifying to the trial court that the appeal was not taken for purposes of delay and that the evidence was of substantial importance in the case. This document was signed and sworn to by Joseph A. Soane, III, Assistant Kerr County Attorney for Kerr County, Texas.

## REGARDING ORAL ARGUMENTS

Appellee James Ray Junek does not request oral arguments. Appellee believes that the issues are not novel and does not believe oral argument would assist this honorable Court in understanding the issues presented.

# CROSS-POINT NO. 1

Assistant County Attorney's attempt to perfect the States appeal by the filing of a Notice of Appeal and Certification signed by the Assistant County Attorney on May 14, 2015 was ineffective under Tex. Code Crim. Proc. 44.01(i). This Court lacks jurisdiction to consider this appeal.

# NO. 04-15-00394-CR

## IN THE FOURTH COURT OF APPEALS
## SAN ANTONIO, TEXAS

STATE OF TEXAS,
Appellant,
V.

JAMES RAY JUNEK,
Appellee.

## BRIEF OF APPELLEE

TO THE HONORABLE COURT OF APPEALS:

NOW COMES Appellee JAMES RAY JUNEK and submits his Brief of Appellee.

## STATEMENT OF FACTS FOR CROSS-POINT NO. 1

On May 6, 2015, in the County Court at Law of Kerr County, Texas, the Appellee's Motion to Suppress was granted by the Honorable Susan Harris. Joseph A. Soane, III is an Assistant County Attorney for Kerr County, Texas. (RR4, 4). On May 13, 2015 a Notice of Appeal was signed by Joseph A. Soane, III, Assistant Kerr County Attorney (CR *Notice of Appeal*). Said document was

1

filed for record on May 14, 2015 with the County Clerk of Kerr County, Texas. (CR *Notice of Appeal*). Assistant Prosecuting Attorney, Joseph A. Soane, III also filed an affidavit on May 14, 2015. (CR *Affidavit*). The affidavit states:

> "My name is Joseph Soane, and I am the Assistant Kerr County Attorney for Kerr County, Texas, in the above styled and numbered cause. I certify to the trial court that the appeal is not taken for purposes of delay and that the evidence is of substantial importance in the case."

This certification was signed by Joseph A. Soane, III. (CR *Affidavit*). Mr. Soane is not the elected county attorney for Kerr County, Texas as evidenced by his statement in the certification. (CR *Affidavit*). The elected county attorney for Kerr County, Texas is Heather Stebbins. (CR *State's First Motion for Continuance*) and (CR *Suppression Letter Brief filed April 24, 2015*) Ms. Stebbins name and/or her signature authorizing this specific appeal does not appear in the Notice of Appeal or certification. (CR *Notice of Appeal*) and (CR *Affidavit*).

The record reflects that the trial court recognized Joseph A. Soane, III as the Assistant County Attorney. (RR4, 4-5).

## SUMMARY OF THE ARGUMENT FOR CROSS-POINT NO. 1

Jurisdiction concerns the power of a court to hear and determine a case. Appellate jurisdiction is invoked by giving notice of appeal. The notice of appeal must be timely and must be in writing to invoke a court of appeals' jurisdiction. In

addition, in State-prosecuted appeals, the failure of the elected prosecuting attorney, as opposed to an assistant to make the appeal is a jurisdictional defect. The Notice of Appeal and certification filed by the State on May 14, 2015 was ineffective. It is a failure to abide by the substantive statutory requirements of Tex.Code Crim.Proc. art. 44.01. Due to this failure, this Court lacks jurisdiction.

## ARGUMENT FOR CROSS-POINT NO. 1

Tex. Code Crim. Proc. Art. 44.01 sets forth the grounds upon which an appeal may be made by the State. Article 44.01 further provides that such an appeal is to be made by the Prosecuting Attorney. Specifically, Article 44.01(i) reads as follows, "in this article, 'prosecuting attorney', means the County Attorney, District Attorney or Criminal District Attorney who has the primary responsibility of prosecuting cases in the Court hearing the case and <u>does not include an Assistant Prosecuting Attorney</u>" (emphasis added). *See State v. Muller* 829 S.W.2d 805,809 (Tex. Crim. App. 1992).

Both the Notice of Appeal and certification required by 44.01(a)(5) are clearly signed by Joseph A. Soane, III, Assistant Kerr County Attorney, who is not the "Prosecuting Attorney" as defined by Tex. Code Crim. Proc. Art. 44.01(i). Therefore, the appeal was never properly made.

3

Appellee would further show that since the appeal was not properly perfected and May 26, 2015 was the last day for said appeal to be perfected, the Court does not have jurisdiction of this matter. Additionally, since the time for perfecting the appeal has expired, the office of the County Attorney cannot correct the defect by filing an amended notice. Nothing in the Notice of Appeal or Affidavit, each signed by the "assistant" prosecuting attorney, hints in the least that the elected county attorney authorized this specific appeal. If there is no compliance within the twenty-day window, the window is thereafter closed. A defective notice of appeal is not susceptible to correction through application of 'amendment and cure' provision of the Texas Rules of Appellate Procedure. *See Muller,* 829 S.W.2d at 812.

The filing of a notice of appeal by an assistant prosecuting attorney is not a defect of appellate procedure; it is a failure to abide by the substantive statutory requirements of Tex.Code Crim.Proc. art. 44.01. *See Muller,* 829 S.W.2d at 812.

## PRAYER

THEREFORE, Appellee JAMES RAY JUNEK respectfully request that this Honorable Court grant Appellee's Motion to Dismiss Appeal for Want of Jurisdiction or in the alternative uphold the ruling of the trial court's Order granting Appellee's Motion to Supress.

4

Respectfully submitted,

Law Offices of Darren Lee Umphrey
246 W. San Antonio Street
Suite 201
New Braunfels, Texas 78130
Tel: (830) 627-3123
Fax: (830) 627-3122

By:_____
DARREN LEE UMPHREY
State Bar No. 00792885
Attorney for JAMES JUNEK,
*Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of October, 2015, a true and correct

copy of Appellee's Brief was served on the following by the following method:

Mr. Joseph A. Soane, III                        *via email and fax*
Assistant Kerr County Attorney
700 Main Street, Suite BA-103
Kerrville, Texas 78028

_____
Darren Lee Umphrey